PER CURIAM:
Claimant, Jennifer F. Dorsey, seeks an award of $404.00 from respondent. Division of Highways, for property damages sustained while driving her vehicle on March 18,1994, on Route 1 in Boone County.
The evidence presented at the hearing on August 4, 1994, established that the claimant was driving her vehicle, a 1992 Mitsubishi Eclipse, on Route 1 in the Ashford area of Boone County. She was traveling between 35 to 40 miles per hour when her car struck a hole in the road surface. Claimant described the hole as being two feet in diameter and seven to nine inches deep. The hole was located in the middle of the road and had water in it. Although claimant had traveled on Route 1 about one week prior to her accident, she had not observed any holes in the road. She did not see the hole prior to her accident because it was filled with water. There were no warning signs or pylons to warn claimant of the defect in the road. After the accident, the claimant contacted the respondent to obtain a claim form and notify it of the hole. As a result of the accident, the claimant alleges $404.00 in damages to her car. Receipts were offered into evidence which totaled $290.39 to corroborate the damage claim. This amount includes $15.90 to repair the tire rim, $52.00 to realign the front end of the car, and $221.50 for two new tires. Claimant testified she purchased two new tires because she was unable to find a tire identical to the damaged tire. The remaining $113.61 of the claim is the replacement cost of the damaged tire rim. No receipts or written estimates were offered to the Court regarding this amount. After the hearing, claimant provided the Court with documents establishing she had full coverage insurance with a deductible of $500.00 at the time of the accident.
Herbert C. Boggs, maintenance assistant for the respondent, testified his responsibilities include road maintenance along Route 1 in Boone County. This is a priority road for maintenance purposes. During the days prior to March 18, 1994, road crews were engaged in snow removal and routine maintenance work. Mr. Boggs explained that snow removal takes priority over hole patching operations. He stated that he was aware of two holes on Route 1 prior to *137 claimant’s accident but these had been patched. No recent complaints had been received by the respondent regarding a hole in the road surface in the vicinity of the accident prior to March 18, 1994. Mr. Boggs added that when complaints are received about holes in the road, they are typically corrected within a day.
The State is neither an insurer or guarantor of the safety of persons traveling on its highways Adkins v. Sims, 130 W.Va. 645,46 S.E.2d 81 (1947). For the respondent to be held liable for damage caused by a defect in the road, it must have had either actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Department of Highways, 16 Ct. Cl. 103 (1986). In the instant claim respondent had knowledge that there were two holes which needed maintenance because temporary patching material does not remain in holes. Respondent did not take the precaution to place warning signs or a pylon at the scene for the traveling public. The claimant had no opportunity to avoid the hole as it. was filled with water. Therefore, the Court has determined that respondent was negligent in its maintenance of Route 1 on the date of claimant’s accident.
Accordingly, the Court is of the opinion to make an award to the claimant for the replacement of one tire, the realignment, and the repair of the rim for a total amount of $179.64.
Award of $179.64.